74  115
178s 225

# Zion Church of Sterling, Illinois, of the Evangelical Association of North America v. Clara A. Mensch.

1. NOTES—*Executed by Church Trustees—Personal Liability.*—A note given by a church corporation pursuant to a resolution of its members in payment of money borrowed and used in repairing the church building, and secured by mortgage upon its real estate, can be enforced

in equity against its property although such note is executed in such a manner as to make the trustees signing the same personally liable.

2. Religious Corporations—*Power to Borrow Money for Repairs —Internal Dissensions.*—When a church corporation determines to repair its house of worship, to borrow money and mortgage its real estate therefor, having authorized its trustees to do so in the manner provided by the statute, the person who loans it the money and takes the mortgage is not bound to make an examination into the internal dissensions existing in the ecclesiastial body to which such church belongs, but may safely loan the trustees the moneys upon securities so authorized.

In Equity.—Bill to foreclose mortgage. Appeal from the Circuit Court of Whiteside County; the Hon. John C. Garver, Judge, presiding. Heard in this court at the May term, 1897. Affirmed. Opinion filed December 17, 1897.

Copy of note and mortgage sued on:

" $1,000.00.                    Sterling, Ill., June 24, 1893.

Two years after date, for value received, we promise to pay to Clara A. Mensch, or order, the sum of one thousand dollars, at the office of A. A. Wolfersperger, in Sterling, Illinois, with six per cent interest from date till paid, payable annually.

Christian Eisele,·
John C. Meister,
Jacob Haglock,
Lewis F. Eisele,
John G. Haglock.

Trustees of Zion Church, of Sterling, Illinois."

" This indenture witnesseth, that the mortgagors, Christian Eisele, John C. Meister, Jacob Haglock, Lewis F. Eisele and John G. Haglock, trustees of Zion Church, of Sterling, Illinois, of the Evangelical Association of North America, mortgage and warrant to Clara A. Mensch, of the town of Jordan, county of Whiteside, and State of Illinois, to secure the payment of one certain promissory note executed by Christian Eisele, John C. Meister, Jacob Haglock, Lewis F. Eisele and John G. Haglock, trustees of the Zion Church, of Sterling, bearing even date herewith, payable to the order of Clara A. Mensch, for the sum of $1,000," etc. (reciting the terms of the note and the description of the property

and the usual covenants, and a release of homestead exemption and signed as follows):

"Dated this 24th day of June, A. D. 1893.

Christian Eisele,<br>
John C. Meister,<br>
Jacob Haglock,<br>
Lewis F. Eisele,<br>
John G. Haglock.

Trustees of Zion Church of Sterling, Illinois, of the Evangelical Association of North America."

William Ritchie and Edward B. Esher, attorneys for appellant.

The church corporation has denied the execution of this note and mortgage. Neither instrument on its face purports to be a corporate obligation. No corporate seal is attached, or purports to be attached. The mortgage purports to be the conveyance of certain individuals as "mortgagors" (in the plural ) and is sealed with a number of individual seals. It is perfectly obvious that, if this complainant chooses to bring suit against the individuals who signed that note, the latter could not, by parol evidence, escape liability by showing the obligation to have been intended as a corporate obligation. Scanlan v. Keith, 102 Ill. 641; Burlingame v. Brewster, 79 Ill. 515; Williams v. Miami P. Co., 36 Ill. App. 114; Sharp v. Smith, 32 Ill. App. 338; Tucker Mfg. Co. v. Fairbanks, 98 Mass. 101; Savage v. Rix, 9 N. H. 263; Trask v. Roberts, 1 B. Mon. (Ky.) 201; Whitney v. Sudduth, 4 Metc. (Ky.) 296.

This was a negotiable note, and in such cases parol evidence is not admissible to charge any person or body as principal whose name is not disclosed on the face of the instrument itself. Slawson v. Loring, 5 Allen, 340; Brown v. Parker, 7 Allen, 337.

Complainant was bound to show affirmatively that this note was made as it is by mistake or accident. Hunter v. McHose, 100 Pa. St. 38; Hayes v. Brubaker, 65 Ind. 27; Williams v. Second Nat'l Bank, 83 Ind. 237.

Trustees can not impose liens upon the trust property

except the instrument creating the trust specifically so provides, or unless some chancery court, in a cause in which the *cestui que trust* is present, expressly authorizes it for some purpose essential to the preservation of the trust. A trustee can not even secure himself by a lien on the trust property for advances made by himself, except in the special mode provided by the trust instrument. Huntt v. Townshend, 31 Md. 336; Mallory v. Clark, 20 How. Pr. (N. Y.) 418; Wilhelm v. Folmer, 6 Pa. St. 296; Johnson v. Leman, 131 Ill. 609.

The usages of the denomination, being referred to on the face of the deed, were competent to be proved for the purpose of defining this trust. The powers of the trustees are to be defined by such usages, so far as the statute does not otherwise provide. Brunnenmeyer v. Buhre, 32 Ill. 183; Fuchs v. Meisel, 60 N. W. Rep. 777; Mannix v. Purcell, 46 Ohio St. 102.

A. A. WOLFERSPERGER and JOHN G. MANAHAN, attorneys for appellee, contended that the Zion Church, having executed its contract and received said money, is now estopped to retain said money and yet deny its authority to make this mortgage.

A corporation, whether public or private, is liable on a contract so far as it has received the avails, although the contract is *ultra vires*, where it is not in violation of the charter, or of express statute, and has no element of illegality. City of East St. Louis v. East St. Louis Gas Light & Coke Co., 98 Ill. 415.

The acts of the *de facto* officers of a corporation are binding on it as to third persons. Angell & Ames on Corporations, Sec. 287; Field on Corporations, Sec. 130.

MR. JUSTICE DIBELL DELIVERED THE OPINION OF THE COURT.

This was a bill by appellee to foreclose a mortgage given by appellant upon its real estate to secure a loan of $1,000 from appellee to appellant. Answer was filed and proofs heard. There was a decree of foreclosure, from which defendant below prosecutes this appeal.

On October 22, 1874, there was filed for record in the office of the recorder of deeds of Whiteside county an affidavit showing the holding of a meeting, the adoption of the corporate name, " The Zion Church, of Sterling," and the election of trustees, all in compliance with Sections 35, 36 and 37 of Chapter 32 of our Revised Statutes, entitled " Corporations," which statute was in force July 1, 1872.   Thereupon the appellant became and thereafter remained to the present time a body politic and corporate under our statute. By section 43 of said statute said trustees had the care, custody and control of the real estate of the corporation, subject to the direction of the congregation, church or society, and had power, when directed by the congregation, church or society to erect houses, buildings or improvements, and to repair and alter the same, and when so directed, to mortgage and incumber any real estate of said corporation.   On May 13, 1869, there had been deeded to certain persons named as trustees of Zion Church, of Sterling, Illinois, of the Evangelical Association of North America, the real estate involved in this controversy, which deed contained the following clause: " In trust, that said premises shall be used, kept, maintained, disposed of as a place of divine worship, for the use of the ministry and membership, and as a place of residence for the use and occupation of the preachers of the Evangelical Association of North America, subject to the discipline, usage and ministerial appointments of said church or association, as from time to time authorized and declared by the general conference of said association, and the annual conference in whose bounds the said premises are situated."   Upon this real estate a church and parsonage had been built before the incorporation hereinabove stated.   This property, ever since the compliance with the statute above noted, has been in the possession and control of the corporation thereby created, the appellant here.   The answer of appellant admits that the corporation owns said real estate.   In January, 1893, the church building was partially destroyed by fire.   Soon thereafter the spire was taken down because of the dangerous condition in which it

had been left by the fire, and the building was partially repaired in a temporary manner for immediate occupancy. There was subsequent discussion among the members of the church on the subject of remodeling the building. A congregational meeting was called to discuss the question. Notice of the meeting was given by the pastor from the pulpit a week or more before the meeting was held, and in compliance with the usages of the church. The meeting was held at the time appointed at the close of a Sunday morning service, and a resolution was passed by the unanimous vote of those attending the meeting, being about one-half of the membership of the church, authorizing the trustees to make a loan for the purpose of repairing the church. The trustees, pursuant to the authority so conferred, obtained from appellee the loan in question, and gave a note therefor, and the mortgage in question, to secure its repayment. The note reads: "We promise to pay," and is signed by five persons and after their names these words: "Trustees of Zion Church, of Sterling, Illinois." The mortgage says that the mortgagors, naming said five persons, "Trustees of Zion Church, of Sterling, Illinois, of the Evangelical Association of North America, mortgage and warrant," etc., and secures the payment of said note, describing it as signed by said five persons, "Trustees of the Zion Church, of Sterling," and said mortgage is signed by said five persons and after their signatures are the words, "Trustees of Zion Church, of Sterling, Illinois, of the Evangelical Association of North America." They are described in the same terms in the acknowledgment. The persons signing said note and mortgage were the trustees of appellant at that time. The trustees received the money and expended it in repairs upon said church building, such as painting, papering, frescoing, carpenter work, new windows, chairs, etc. The foundation of the part destroyed by fire was taken out and a new foundation put in. The old wooden benches which had been in the church since it was first built were removed and chairs put in their place. There is no question made but that the money borrowed

was applied strictly to this use. A small portion of it, however, remained and still remains unexpended, and according to the evidence is in the hands of one of the persons who was then trustee, ready to be paid to the present trustees of said Zion Church whenever they will receive it.

By portions of the answer to which exceptions were sustained, by the cross-examination of appellee's witnesses, and by affirmative proofs offered by appellant, to a part of which objections were sustained, appellant undertook to show that for some years prior to the making of this mortgage there had been great dissensions in the ecclesiastical body known as the Evangelical Association of North America, to which said Zion Church belonged; that there had been much litigation between different parties in said body in different parts of the United States, and in the State of Illinois, and that before this mortgage was given the Supreme Court of this State, in Schweiker v. Husser, 146 Ill. 399, had decided that controversy in favor of those members of the body who adhered to the Indianapolis General Conference and to the Kankakee Annual Conference and to Bishop Esher, and against those who adhered to the Philadelphia General Conference and to the Freeport Annual Conference and to Bishop Dubs; that the majority of the members of Zion Church, of Sterling, belonged to the Dubs party, and were therefore out of harmony with the ruling powers of the church as established by said decision, and were in rebellion, and were subject to the discipline of the established authorities of the church. The evidence shows that after borrowing this money and so repairing the church building, the majority of the members, including the trustees who signed this note and mortgage, left Zion Church and left this building, and established another church organization and built another church edifice, surrendering to the minority all the property now in question, and that the minority retained the legal organization and elected other trustees and retained this property. It is claimed that as the final decision by the Supreme Court of this State had been given before this mortgage was executed, the majority in this

church and said trustees being in rebellion against the law-
fully constituted authorities of the church, as established by
said decision, could not legally act in this matter and vote
these repairs and the execution of this mortgage; and that
their said action was for the purpose of embarrassing the
minority when they should come into control of said church
property through the enforcement of said Supreme Court
decision. It is also claimed that under the rules and regu-
lations, discipline and usages of said Evangelical Associa-
tion of North America, said trustees had no power, even if
they had been in good standing, to make said repairs and
incumber said real estate without the action and assent of
higher ecclesiastical authority, and that appellee had notice
thereof by the clause above quoted from said deed of con-
veyance.

It is not claimed appellee had actual notice of the liti-
gation in said ecclesiastical body above referred to. No
attempt was made to prove that she personally knew any-
thing about it. Her agent who negotiated this loan for her
testified that he had known the Zion Church for a number
of years, and the men who constituted the board of trustees,
that he ascertained that the loan was sought for the purpose
of repairing the church, and that the persons who signed
the note and mortgage were trustees of said church, and that
the matter had been submitted to the congregation, and the
loan authorized for the purpose of repairing the church; and
that at the time the loan was made he had no knowledge
that there was any contrary claims as to the ownership or
legal government of Zion Church. This proof was not con-
tradicted. We are of opinion the clause in said deed did
not prevent the trustees from exercising their statutory
powers to repair and improve said premises and to borrow
money for that purpose, and to mortgage the real estate as
security when authorized by a vote of the church, and that
therefore said deed did not charge appellee with notice that
said trustees were restricted in their powers by anything
outside of the statute. If there were any regulations pre-
scribed by the higher authorities of the church which

required the trustees to submit such matters to the prior determination of higher authority, it is not shown that appellee had any notice thereof. It is also proved that ever since the organization of Zion Church the local body had always made repairs and improvements without seeking the assent of any higher body. The determination to repair and the determination to borrow money and mortgage the real estate therefor having been authorized in the manner provided by the statute, we think appellee was not bound to look further, and was not required to make an examination into the internal dissensions existing in the ecclesiastical body to which said local church belonged, but might safely loan said trustees the money upon securities so authorized. If the majority of the local church and the trustees then in office, in borrowing this money and making these repairs, were actuated by the unworthy motives here assigned them by appellant (upon which subject we do not consider we are called upon to express any opinion), notice thereof is not brought home to appellee. She loaned her money on the faith of action taken in compliance with the statute, and is not affected by any unworthy motives of other parties of which she had no knowledge. The minority have and now hold the improvements made with her money, and it is not inequitable that they should pay therefor.

It is urged the note and mortgage are so signed as to be the personal obligation of the individual trustees who signed them, but equity looks at the substance and not at the mere form, and the intention of all parties unquestionably was that said trustees were executing said note and mortgage and borrowing said money in their capacity as trustees of Zion Church and for that organization, and not for any other person or body, and that church received and expended the money.

We are of opinion that the court below committed no substantial error and that its decree was right, and it is therefore affirmed.